**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                       Case No. 90-CV-20020

RICHARD ISATALA,

    Defendant.
                                                    /

**ORDER DENYING DEFENDANT'S PETITION
TO MODIFY OR WAIVE BALANCE DUE ON FINE**

Defendant, Richard Istala, requests the court waive or modify the remaining balance of a $20,000 fine that was part of his sentence imposed by the court on April 11, 1991. Defendant's fine was imposed as part of the court's sentence entered after he was found guilty of conspiracy, manufacturing of 100 or more marijuana plants, possession with intent to distribute marijuana plants and processed marijuana, and distribution of marijuana and marijuana plants in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1).

Defendant has paid over half of his fine, but alleges that the remaining unpaid portion of the fine must be discharged because he has been on supervised release for over five years. In the alternative, Defendant urges the court to modify or remit his fine because it places an undue hardship on him.

Defendant's request was filed on January 26, 2005. On March 25, 2005, the government filed its response explaining that Defendant cannot seek to modify or remit his fine under 18 U.S.C. § 3573 because the court lacks jurisdiction. Defendant filed a

reply to the government's motion on April 20, 2005.  For the reasons set forth below, the court will construe Defendant's request and petition as a motion to modify or waive his fine balance, and deny it as such.

## I. DISCUSSION

There are three methods available to seek modification or remittance of a fine. *See* 18 U.S.C. § 3572(c).  The relevant portion of § 3572(c) provides:

> Notwithstanding the fact that a sentence to pay a fine can subsequently be --
> (1) modified or remitted under section 3573;
> (2) corrected under rule 35 of the Federal Rules of Criminal Procedure and section 3742; or
> (3) appealed and modified under section 3742;
>
> a judgment that includes such a sentence is a final judgment for all other purposes.

18 U.S.C. § 3572(c).  Defendant's request to remit or modify his fine fails under all three potential methods.

## A.  18 U.S.C. § 3573.

First, under the current provisions of 18 U.S.C. § 3573, a defendant does not have a right to petition the court for modification or remittance of a sentenced fine. Section 3573 provides:

> *Upon petition of the Government* showing that reasonable efforts to collect a fine or assessment are not likely to be effective, the court may, in the interest of justice--
>
> (1) remit all or part of the unpaid portion of the fine or special assessment, including interest and penalties;
> (2) defer payment of the fine or special assessment to a date certain or pursuant to an installment schedule; or
> (3) extend a date certain or an installment schedule previously ordered.
>
> A petition under this subsection shall be filed in the court in which sentence was originally imposed, unless the court transfers jurisdiction to

2

> another court.  This section shall apply to all fines and assessments irrespective of the date of imposition.

18 U.S.C. 3573 (emphasis added); *see also*, *United States v. Linker*, 920 F.2d 1, 2 (7th Cir. 1990) ("The language of this section is plain and unambiguous.  By its own terms, it applies strictly to the Government, and not to defendants."); *United States v. Heimbach*, 808 F. Supp. 413, 415 (E.D. Pa. 1992) (same) (citing *Linker*); *United States v. Grannis* No. 02-5867, 2003 WL 22905311, at *2 (6th Cir. Nov. 26, 2003) ("[W]e note that, by its own terms, 18 U.S.C. § 3573 applies strictly to the government, and not to defendants.").

While the former provisions of 18 U.S.C. § 3573 provided a defendant with the right to petition the court for remittance of a sentenced fine, this prior section was effective only from November 1, 1987, until December 11, 1987.  *Linker*, 920 F.2d at 2.  Defendant was sentenced in 1991.  Thus, the former version of 18 U.S.C. § 3573 does not apply to Defendant, and the court does not have jurisdiction to review Defendant's petition for modification or remittance of his fine pursuant to 18 U.S.C. § 3573.

### B. Fed. R. Crim. P. 35

Next, a defendant may petition the court to correct certain errors within seven days after his sentencing under Federal Rule of Criminal Procedure 35.  Rule 35(a) provides that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error," while Rule 35(b) permits *the government* to move for a reduction in sentence based on substantial assistance.  Fed. R. Crim. P. 35.

Neither portion of Rule 35 applies to permit Defendant's instant request. More than seven days has passed since his 1991 sentencing and no error in his sentence needs corrected. Also, the Government has not filed a motion under Rule 35(b).

### C. 18 U.S.C. § 3742

Accordingly, the only remaining method for modification or remittance of a sentenced fine is 18 U.S.C. § 3742. The relevant provisions of 18 U.S.C. §3742 provide:

> (a) Appeal by a defendant.--
>
> A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence– (1) was imposed in violation of law; [or] (2) was imposed as a result of an incorrect application of the sentencing guidelines. . . .

Defendant mistakenly contends that 18 U.S.C. § 3742 sections (a)(1) and (a)(2) provide him the right to appeal his sentenced fine.

First, pursuant to 18 U.S.C. § 3742(a)(1), Defendant's fine was not imposed in violation of the law. Defendant contends his obligation to pay his fine is discharged because the fine has not been fully paid within the five years since his incarceration. (Def.'s Pet. at 1.) To support this claim, Defendant relies on 18 U.S.C. § 3572(d) which provides, ". . .[i]f the judgment permits other than immediate payment, the period provided shall not exceed five years, excluding any period served by the defendant as imprisonment . . . ." *Id.*

Defendant's reliance is misplaced. At the time of Defendant's sentencing, 18 U.S.C. § 3613(b) provided that ". . .[a] lien becomes unenforceable and liability to pay a fine expires . . . twenty years after the entry of the judgment . . . ." Contrary to Defendant's contention, 18 U.S.C. § 3572(d) does not discharge Defendant's obligation

4

to pay his fine. *See id.* At the time of his sentencing, Defendant's obligation to pay fine lasted for twenty years pursuant to 18 U.S.C. § 3613(b). Furthermore, under the terms of the Defendant's sentencing, he owed the entire balance of his fine at the start of his supervised release. (Resp't Mot. App. at 3). Although the court permitted Defendant to make installment payments on his fine for five years following his incarceration, this does not extinguish Defendant's obligation to pay the entire fine. *See, e.g.*, *United States v. Berardini*, 112 F.3d 606, 611 (2d Cir. 1997) (explaining that a defendant's obligation does not terminate until twenty years from judgment).

Second, pursuant to 18 U.S.C. § 3742(a)(2), Defendant's fine was not imposed as a result of an incorrect application of the sentencing guidelines. Defendant argues that his fine was incorrectly applied based on U.S. Sentencing Guidelines § 5E1.2(e) which provides:

> (e) If the defendant establishes that (1) he is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay all or part of the fine required by the preceding provisions, or (2) imposition of a fine would unduly burden the defendant's dependents, **the court may impose a lesser fine or waive the fine**. In these circumstances, the court shall consider alternative sanctions in lieu of all or a portion of the fine, and must still impose a total combined sanction that is punitive. Although any additional sanction not proscribed by the guidelines is permissible, community service is the generally preferable alternative in such instances.

U.S.S.G. § 5.E1.2(e) (emphasis added). Defendant fails to recognize that the court's modification or a remittance of a fine pursuant to U.S.S.G. § 5E1.2(e) is discretionary. The court did not incorrectly apply sentencing guidelines simply because it refrained from exercising its discretionary authority.

## II. CONCLUSION

IT IS ORDERED that Defendant's "Petition to Modify or Waive Balance Due on Fine" [Dkt. # 101] is DENIED.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated:  June 10, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 10, 2005, by electronic and/or ordinary mail.

      S/Lisa G. Teets
      Case Manager and Deputy Clerk
      (313) 234-5522